b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EVANGELINE A. GREEN, Plaintiff | CIVIL DOCKET NO. 1:22-CV-05270 |
| VERSUS | DISTRICT JUDGE DOUGHTY |
| MALCOLM STUBBS, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Defendant Malcolm Stubbs ("Stubbs") filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 10. Because this Court lacks subject matter jurisdiction over Plaintiff's claims against Stubbs, the Motion to Dismiss (ECF No. 10) should be GRANTED, Plaintiffs' complaint should be DISMISSED WITHOUT PREJUDICE, and Stubbs' Motion for Sanctions (ECF No. 24) should be DENIED.

I. Background

Plaintiff Evangeline A. Green ("Green") filed a Complaint against Dr. Malcolm A. Stubbs, her treating orthopaedic surgeon. ECF Nos. 1, 8. Green contends that Dr. Stubbs "abandoned" her without a "legal medical reason," and that his physician assistant ("PA") "sabotaged" her medical records with inaccurate information.[1] ECF No. 1. Green contends Dr. Stubbs refused to correct her medical records. ECF No. 1.

---

[1] Green filed a separate complaint against Dr. Stubbs' physician assistant, Andrew Hebert.

Green contends that Dr. Stubbs defamed her and committed "perjury." ECF No. 1. She seeks monetary damages.

Apparently, Dr. Stubbs was treating Green pursuant to her worker's compensation case. According to Green, Dr. Stubbs refused to order a second MRI for her. Green also complained that Dr. Stubbs sent his PA to have her sign her "surgery papers," and to remove her stitches, although she asked to see him personally. Green contends Dr. Stubbs falsely told her attorney that she was malingering, and called him a "white supremacist." Dr. Stubbs dropped her as a patient. ECF No. 1.

Dr. Stubbs filed a Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 10. Green opposes that motion. ECF Nos. 13, 20, 23. Dr. Stubbs also filed a Motion for Sanctions under Rule 11. ECF No. 24.

II. <u>Law and Analysis</u>

Stubbs contends the Court lacks subject matter jurisdiction in this case because: (1) the parties are not diverse; (2) Green does not have a private right of action under HIPPA; and (3) Green does not have a federal right of action against Stubbs for racial discrimination.

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction, which must be rebutted by the party bringing an action to federal court.

2

See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. See Aetna Casualty & Surety Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §§ 1331, 1332; Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005).

"To determine whether a case is one 'arising under' federal law for these purposes, [courts] ordinarily apply the well-pleaded complaint rule." Michael v. Boutwell, 138 F. Supp. 3d 761, 775 (N.D. Miss. 2015) (quoting New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 328 (5th Cir. 2008)). The well-pleaded complaint rule provides:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

Id. (quoting Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983)); see also Thomas v. Richard, 2022 WL 331228, at *2 (W.D. La. 2022).

A. <u>There is no diversity jurisdiction.</u>

Green alleged diversity jurisdiction in her original complaint. ECF No. 1 at 3. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 554 (2005); *Heritage Bank v. Redcom Laboratories, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), *cert. den.*, 534 U.S. 997 (2001).

Green's Complaint shows that both she and Defendant are citizens of Louisiana. ECF No. 1 at 3. Because both Green and Dr. Stubbs are citizens of Louisiana, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Stangel v. A-1 Freeman North American, Inc.*, 64 Fed. Appx. 416, *1 (5th Cir. 2003).

B.  <u>There is no federal question jurisdiction.</u>

Green's complaint cites both state and federal criminal statutes as the basis for federal question jurisdiction–La. R.S. 14:107.2, 18 U.S.C. § 241, and 18 U.S.C. § 242. ECF No. 1. "[C]riminal statues do not create private causes of action that would establish federal question jurisdiction." *Thomas v. Richard*, 2022 WL 331228, at *2 (W.D. La. 2022) (*citing Touche Ross & Co. v. Redington,* 442 U.S. 560, 575 (1979)); *see also Smith-Ealy v. Loe,* 2010 WL 65932, at *2 (W.D. La. 2010) ("[V]iolations of criminal statutes do not give rise to a private right of action."). Therefore, Louisiana state criminal statutes do not create federal question jurisdiction in this case.

Green also complains of a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). ECF No. 1 at 5. Green asserts jurisdiction for

4

HIPPA violations under 45 C.F.R. § 164.546 and 18 U.S.C. § 1001, which are cited in a letter from the Office of Civil Rights of the United States Department of Health and Human Services.[2] ECF No. 27 at 15-16.

However, HIPPA "does not support a private right of action." *Acara v. Banks,* 470 F.3d 569, 571 (5th Cir. 2006); *see also Dean v. City of New Orleans,* 544 Fed. Appx. 353, 355 (5th Cir. 2013); *Roberts v. Unitrin Specialty Lines Insurance Co.,* 405 Fed. Appx. 874, 882 (5th Cir. 2010). Therefore, there is no federal question jurisdiction under HIPPA. And 18 U.S.C. § 1001 is a federal criminal statute that does not give rise to a private right of action and subject matter jurisdiction. *See Thomas v. Abebe,* 833 Fed. Appx. 551, 555 (5th Cir. 2020), *cert. den.,* 141 S. Ct. 2700 (2021) (there is no private cause of action under § 1001).

Defendant also contends Green does not have a claim for racial discrimination under Title VI of the Civil Rights Act of 1964, Pub. L. 88-352, § 601, 78 Stat. 252 (July 2, 1964).[3] Only public and private entities–not individuals– can be held liable under Title VI. *See Price v. Louisiana Department of Education*, 329 Fed. Appx. 559, 561 (5th Cir. 2009), *cert den.,* 558 U.S. 1096 (2009); *see also United States v. Baylor University Medical Center,* 736 F.2d 1039, 1044 n. 9 (5th Cir. 1984), *cert. den.*, 469

---

[2] Section 164.546 no longer exists (apparently that form letter is out-of-date).

[3] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits, or, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

U.S. 1189 (1985) ("Title VI requires that the public bodies or private *entities* receiving the benefits of [federal funding] refrain from racial discrimination.").

The other possible civil rights claim for racial discrimination would be under 28 U.S.C. § 1983. Section 1983 prescribes redress for conduct "by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States." *See* 42 U.S.C. § 1983. However Green has neither alleged nor shown that Dr. Stubbs is a state actor. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 475 U.S. 922, 937 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of § 1983. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). Therefore, Green has not shown that this Court has subject matter jurisdiction under Title VI or § 1983.

Finally, to the extent that Green may be asserting a medical malpractice action, the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq, does not create federal question jurisdiction.[4]

Because Green has not carried her burden of proving a basis for subject matter jurisdiction over this action, Defendant's Motion to Dismiss for Lack of Subject Matter

---

[4] And, because there is no original federal jurisdiction over this case, there can be no supplemental jurisdiction over a state law claim. *See* 28 U.S.C. § 1367(a).

Jurisdiction (ECF No. 10) should be granted, and Green's action should be dismissed without prejudice.

### C. Defendant's Motion for Sanctions should be denied.

Dr. Stubbs also filed a Motion for Sanctions pursuant to Rule 11, claiming Green's lawsuit constituted harassment. ECF No. 24. Dr. Stubbs points to the fact that this Court does not have subject matter jurisdiction over this action and argues that Green's claims "are not warranted by existing law."

The Court agrees it does not have subject matter jurisdiction over this action. But neither that conclusion nor the balance of the record warrant sanctions against a *pro se* litigant under Rule 11. Stubbs' Motion for Sanctions (ECF No. 24) should be DENIED.

## III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 10) be GRANTED and that Green's action be DISMISSED WITHOUT PREJUDICE.

IT IS ALSO RECOMMENDED that Defendant's Motion for Sanctions (ECF No. 24) be DENIED for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __3rd__ day of May 2023.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge